[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-15648
Non-Argument Calendar
_____

D. C. Docket No. 1:10-cr-00432-AT-RGV-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JON EDWARD HANKINS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(December 12, 2012)

Before TJOFLAT, MARCUS and EDMONDSON, Circuit Judges.

PER CURIAM:

Jon Edward Hankins challenges the substantive reasonableness of his 40-month sentences, imposed at the high end of the applicable guideline range, after pleading guilty to three counts of wire fraud, in violation of 18 U.S.C. §§ 1343, 2. The district court imposed sentences that are supported by the record after taking everything into consideration, including the statements of the parties, the presentence investigation report ("PSI"), and the 18 U.S.C. § 3553(a) factors. We affirm Hankins's sentences as reasonable.

"The party challenging the sentence bears the burden to show it is unreasonable in light of the record and the § 3553(a) factors." United States v. Tome, 611 F.3d 1371, 1378 (11th Cir. 2010), cert. denied, 131 S.Ct. 674 (2010). Although this Court does not apply a presumption of reasonableness for sentences falling within the guidelines range, "ordinarily [this Court] would expect a sentence within the Guidelines range to be reasonable." United States v. Talley, 431 F.3d 784, 787-88 (11th Cir. 2005). A sentence imposed well below the statutory maximum penalty is another indicator of a reasonable sentence. United States v. Gonzalez, 550 F.3d 1319, 1324 (11th Cir. 2008). "[T]hat the appellate court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." Gall v. United States, 552 U.S. 38, 51, 128 S.Ct. 586, 597 (2007).

Hankins does not demonstrate that his sentences are substantively unreasonable in light of the record and the § 3553(a) factors. Though the court's sentences of 40 months represented the higher end of the applicable guideline range of 33 to 41 months, we ordinarily expect a sentence within the guideline range to be reasonable. See Talley, 431 F.3d at 787-88. Hankins's sentences are also well below the 20-year statutory maximum penalty. See Gonzalez, 550 F.3d at 1324 (explaining that the sentence was reasonable, among other reasons, because it was well below the statutory maximum).

Briefly stated, Hankins argues that the sentencing court gave too much weight to his recidivism and not enough weight to his assistance. The court expressly considered both factors in reaching its sentences; and the weight to be given to each of the § 3553(a) factors was within the district court's discretion. See United States v. Irey, 612 F.3d 1160, 1190 (11th Cir. 2010). In a similar way, Hankins's arguments regarding his acceptance of responsibility and the amount of loss do not overcome that it was within the district court's discretion to determine how these factors should affect the sentences. Hankins essentially argues that the court should have balanced the sentencing factors to reach lower sentences; but Hankins's sentences are within the range of reasonable sentences allowed by the factors of the case. See Id. Hankins engaged in an investment fraud scheme with

3

over $500,000 of intended loss (a considerable part of this money was recovered by the FBI) while still serving his sentence for a similar 2007 investment fraud scheme that had caused more than $8 million of loss.  In addition, he was aware of the harm he would inflict on his victims, and he knew that one of the victims was investing on behalf of a disabled daughter.  All in all, including that Hankins was a repeat offender and committed a substantially similar crime while serving his original sentence, his 40-month sentences are substantively reasonable: no abuse of discretion.

AFFIRMED.